CLOSED

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CRIMINAL DOCKET FOR CASE #: 9:13–mj–08110–WM All Defendants
### *Internal Use Only*

Case title: USA v. Sharma

Other court case number: 3:13–cr–065–M–(04) USDC – NDTX (Dallas)

Date Filed: 02/27/2013

Date Terminated: 03/01/2013

Assigned to: Magistrate Judge William Matthewman

**Defendant (1)**

**Vivek Sharma**
Prisoner ID: 02785–104
*Language: English; YOB: 1967*
*TERMINATED: 03/01/2013*

represented by **James L. Eisenberg**
250 Australian Avenue South
West Palm Beach, FL 33401
561–659–2009
Fax: 659–2380
Email: BIGJIMLAW@AOL.COM
*ATTORNEY TO BE NOTICED*
*Designation: Temporary*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

Removal of Indictment to NDTX (Dallas) –18:371.F, 18:1343.F

**Disposition**

**Plaintiff**

**USA**

represented by

1

**Marc Osborne**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305–961–9198
Fax: 305–530–6168
Email: marc.osborne@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/27/2013 | 1 | 4 | Magistrate Removal of Indictment from Texas Northern (Dallas) Case number in the other District 3:13–cr–065–M–(04) as to Vivek Sharma (1). (kza) (Entered: 03/01/2013) |
| 02/27/2013 | 2 | 19 | Minute Entry for proceedings held before Magistrate Judge William Matthewman: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Vivek Sharma held on 2/27/2013. Defendant informs the Court that he will hire counsel. Government recommends a $100,000 CSB and $150,000 PSB cosigned by a relative. Bond set as to Vivek Sharma (1) at $100,000 CSB and $150,000 PSB – conditions to be set. ( Report Re: Counsel Hearing, Bond and Removal Hearing set for 3/1/2013 02:00 PM in West Palm Beach Division before WPB Duty Magistrate.). (Digital 10:18:18.) (kza) (Entered: 03/01/2013) |
| 02/27/2013 | 3 | 20 | Report Commencing Criminal Action as to Vivek Sharma – YOB: **/**/1967 Prisoner #: 02785–104 (kza) (Entered: 03/02/2013) |
| 02/27/2013 | | | Arrest of Vivek Sharma (kza) (Entered: 03/02/2013) |
| 02/27/2013 | 4 | 21 | Order on Initial Appearance as to Vivek Sharma for proceeding held on 2/27/2013. Report Re: Counsel, Bond and Removal Hearings set for 3/1/2013 at 2 p.m. Signed by Magistrate Judge William Matthewman on 2/27/2013. (kza) (Entered: 03/02/2013) |
| 03/01/2013 | 5 | 23 | NOTICE OF TEMPORARY APPEARANCE AS COUNSEL: James L. Eisenberg appearing for Vivek Sharma (kza) (Entered: 03/04/2013) |
| 03/01/2013 | 6 | 24 | Minute Entry for proceedings held before Magistrate Judge William Matthewman: Status Re: Counsel and Re: Removal as to Vivek Sharma held on 3/1/2013, Bond Hearing as to Vivek Sharma held on 3/1/2013. Bond set as to Vivek Sharma (1) $250,000 PSB. Special Conditions: **a.** Surrender all passports and travel documents to the Pretrial Services Office;**b.** Report to Pretrial Services as directed;**g.** Maintain or actively seek full–time employment;**i.** Avoid all contact with victims of or witnesses or codefendants to the crimes charged, except through counsel;**j.** Refrain from possessing a firearm, destructive device or other dangerous weapons;**p.** travel restricted to SDFL and NDTX; Travel for business allowed deft to provide travel itinerary to PTS 48 hours in advance;**q.** Comply with additional conditions of bond – cosigned by brother–in–law Naveen Suri; defendant to appear in NDTX Dallas when directed. Waiver of Removal executed. Order of Removal signed. (Digital 14:40:38.) (kza) Modified on 3/4/2013 (kza). (Entered: 03/04/2013) |
| 03/01/2013 | 7 | 25 | $250,000 PSB Bond Entered as to Vivek Sharma Approved by Magistrate |

| | | | Judge William Matthewman Special Conditions: **a.** Surrender all passports and travel documents to the Pretrial Services Office by Monday, 3/4/2013 at noon;b. Report to Pretrial Services as directed;g. Maintain or actively seek full–time employment;i. Avoid all contact with victims of or witnesses or codefendants to the crimes charged, except through counsel;j. Refrain from possessing a firearm, destructive device or other dangerous weapons;p. travel restricted to SDFL and NDTX; Travel for business allowed deft to provide travel itinerary to PTS 48 hours in advance;q. Comply with additional conditions of bond – cosigned by brother–in–law Naveen Suri; defendant to appear in NDTX Dallas when directed. (kza) (Entered: 03/04/2013) |
|---|---|---|---|
| 03/01/2013 | 8 | 29 | WAIVER of Rule 5 and 5.1 Hearings by Vivek Sharma (kza) (Entered: 03/04/2013) |
| 03/01/2013 | 9 | 30 | ORDER OF REMOVAL ISSUED to District of Texas Northern (Dallas) as to Vivek Sharma. Signed by Magistrate Judge William Matthewman on 3/1/2013. (kza) (Entered: 03/04/2013) |

# United States District Court
## Northern District of Texas

UNITED STATES OF AMERICA

V.

VIVEK SHARMA

**WARRANT FOR ARREST**

CASE NUMBER: 3:13-cr-065-M-(04)

MAG. CASE NUMBER: 13-8110-WH

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ VIVEK SHARMA _____

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

[X] Sealed Indictment [ ] Information [ ] Complaint [ ] Order of court [ ] Violation Notice [ ] Probation Violation Petition

charging him or her with:

Conspiracy to Commit Visa Fraud
Wire Fraud

FILED by _____ D.C.

FEB 2 7 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

in violation of Title    18; 8; 18

United States Code, Section(s)

371; 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) ; 1343; 2

Karen Mitchell, U.S. District Court Clerk
Name and Title of Issuing Officer

Signature of Issuing Officer

U.S Magistrate Judge Paul D. Stickney

Feb 20, 2013
Date

Dallas, TX
Location

s/ Y. Pace

(By) Deputy Clerk

| RETURN | | |
| --- | --- | --- |
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 FEB 20 PM 3: 07

DEPUTY CLERK _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3. - 1 3 CR - 0 6 5 - M |
| | § | |
| ATUL NANDA (1) | § | |
| JITEN "JAY" NANDA (2) | § | |
| SIVA SUGAVANAM (3) | § | |
| VIVEK SHARMA (4) | § | |
| ROHIT MEHRA (5) | § | |
| MOHAMMAD KHAN (6) | § | |

## INDICTMENT

The Grand Jury Charges:

### Count One
Conspiracy to Commit Visa Fraud
(Violation of 18 U.S.C. § 371; 8 U.S.C. §§ 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i))

A.    Introduction

At all times material to this Indictment:

1.    Dibon Solutions (Dibon) is an information technology consulting company whose main office is located at 2009 Chenault Drive, Suite 100, Carrollton, Texas. Dibon is a family operation that was created by the Nanda family. Two brothers, **Atul Nanda** and **Jiten "Jay" Nanda**, helped create and establish the corporation. The Nanda brothers, along with **Siva Sugavanam**, **Vivek Sharma**, **Rohit Mehra**, and **Mohammad**

Indictment – Page 1

**Khan** (the conspirators) have used Dibon to commit fraud through the H1-B visa program.

B. The H-1B Visa Program

2. The H1-B visa program allows businesses in the United States, like Dibon, to temporarily employ foreign workers with specialized or technical expertise in a particular field such as accounting, engineering, or computer science.

3. Before hiring such a worker, the employer must first obtain approval from the U.S. Department of Labor (DOL) by filing a Labor Condition Application (LCA), ETA Form 9035E. In the LCA, the employer represents that it intends to employ a specified number of foreign workers for specific positions for a particular period of time. The employer also makes representations regarding the rate of pay, work location, and whether the position is full-time. The employer also agrees to pay the workers for non-productive time. The employer must attest that the representations are true and accurate, and the LCA provides a warning that false representations may lead to criminal prosecution. Except in limited circumstances, the LCA must be filed electronically. Upon filing, the employer is required by regulation to print and sign a copy. The employer is further required to maintain the signed copy in its files.

4. Upon approval of the LCA, the employer must then obtain permission from the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services (CIS), to hire a specific individual. This approval is obtained by filing a Petition for a Nonimmigrant Worker, Form I-129, and paying certain fees. In this petition, the employer provides biographical information regarding the specific worker to be

Indictment – Page 2

employed.  The employer also provides much of the same information that is on the LCA, including job title, the specific type of position for which the worker is hired, work location, pay rate, dates of intended employment, and whether the position is full-time. This petition is signed under penalty of perjury, and the employer must certify that the information submitted is true and correct.

5.      Once CIS approves this petition, the worker can apply for a visa at a U.S. consulate or embassy overseas.  If the worker is already in the United States legally, his or her immigration status can be changed automatically.

6.      Once a visa is issued or adjustment of status occurs, the worker possesses lawful nonimmigrant status (meaning the worker is entitled to stay in the United States) and may reside in the United States and work for the employer until the visa expires or his or her government approved employment with the company ends, whichever occurs first.  The worker may not immigrate, or permanently reside, in the United States under this type of visa.

7.      For a worker entering the United States from abroad, the employer must start paying the worker once he or she enters into employment or within 30 days of admission to the United States, whichever is sooner.  For a worker already in the United States, the employer must begin paying the worker upon start of employment or within 60 days of approval of the visa petition, whichever is sooner.

8.      If the worker is dismissed before the visa expires, the employer must send notice to CIS and pay for the worker to return to his or her native country.

Indictment – Page 3

C.    Dibon's H-1B Visa Fraud Scheme

9.    As part of their scheme, the conspirators recruited foreign workers with computer expertise who wanted to work in the United States. The conspirators sponsored the workers' H-1B visas with the stated purpose of working at Dibon headquarters in Carrollton, Texas, but, in fact, required the workers to provide consulting services to third-party companies located elsewhere. Contrary to the representations made by the conspirators to the workers (and the government), the conspirators paid the workers only when the conspirators placed the workers at a third-party company and only if the third-party company actually paid Dibon first for the workers' services. Additionally, in Dibon's visa paperwork, the conspirators falsely represented that the foreign workers had full-time positions and were paid an annual salary, as required by regulation to secure the visas.

10.    This scheme provided the conspirators with a labor pool of inexpensive, skilled foreign workers who could be used on an "as needed" basis. The scheme was profitable because it required minimal overhead and Dibon could charge significant hourly rates for a computer consultant's services. Accordingly, the conspirators earned a substantial profit margin when a consultant was assigned to a project and incurred few costs when a worker was without billable work.

11.    This scheme is known as "benching." Benching is defined by U.S. Department of Labor (DOL) as "workers who are in nonproductive status due to a decision by the employer, such as lack of work." Dibon actively recruited H1-B workers and "benched" them.

Indictment – Page 4

8

12.     Dibon's "benching" scheme was facilitated by the conspirators use of the company as a staffing company. Dibon employed H-1B workers to perform services with third-party companies. The design of the H-1B system intended for the H-1B worker to perform services for the petitioning company, i.e. Dibon. In fact, regulations required that a petitioning company inform the government in the LCAs and H-1B petitions if the workers were assigned to a different location than the petitioning company's address—which Dibon did not do. Moreover, as an intermediary company, Dibon claimed that jobs existed with third-party companies when, in fact, Dibon had not yet secured contracts with these companies; thus, Dibon filed false Labor Condition Applications (LCA)s with the DOL requesting H1-B workers for positions that did not exist.

13.     Defendants **Atul Nanda** and **Jay Nanda** directed Dibon. **Siva Sugavanam** was the chief recruiter of foreign workers for H1-B visas and was responsible for training other recruiters. **Vivek Sharma**, the office manager for Dibon, coordinated placement of benched workers with third-party contracts and kept track of benched employees. **Rohit Mehra**, another recruiter, recruited employees for the bench and transported benched employees to and from Dibon headquarters. **Mohammad Khan** handled the bookkeeping for Dibon and issued payroll checks to employees.

D.     The Conspiracy

14.     From at least on or about February 2008 through February 2011, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants, **Atul Nanda, Jiten "Jay" Nanda, Siva Sugavanam, Vivek Sharma, Rohit Mehra,** and

**Mohammad Khan**, conspired, combined, confederated, and agreed, with others known and unknown, to:

(a)  Encourage and induce aliens to reside in the United States, knowing, and in reckless disregard of the fact, that such residence was and would be in violation of law, for purposes of financial gain, contrary to Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i). (VISA FRAUD)

(b)  For the purposes of executing this fraudulent scheme, did cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described in each count below, contrary to Title 18, United States Code, Section 1343. (WIRE FRAUD)

E.  <u>Manner and Means</u>

15.  It was part of the conspiracy that Dibon would and did seek and recruit H1-B workers for the bench for the purposes of financial gain.

16.  It was part of the conspiracy that one or more coconspirators would and did submit or cause to be submitted one or more Labor Condition Application, Form ETA 9035, to the U.S. Department of Labor, falsely representing that Dibon had a temporary need for full-time workers and that it would pay nonimmigrant workers for all hours worked and for any nonproductive time.

17.  It was part of the conspiracy that one or more coconspirators would and did submit or cause to be submitted one or more Petition for Non-Immigrant Worker, Form I-129, falsely representing that Dibon would employ a nonimmigrant worker in a full time position.

Indictment – Page 6

18.     It was part of the conspiracy that one or more coconspirators would and did refuse to employ on a full time basis one or more nonimmigrant workers following approval of the Form I-129.

19.     It was part of the conspiracy that one or more coconspirators would and did refuse to pay one or more nonimmigrant workers following approval of the Form I-129. It was also part of the conspiracy that one or more coconspirators would and did encourage one or more nonimmigrant workers to remain in the United States after the invalidation of their visa through the benching process by requiring them to find work for themselves for the benefit of Dibon.

20.     It was part of the conspiracy that one or more coconspirators would and did require one or more nonimmigrant workers to sign blank forms requesting an unpaid leave of absence.

21.     It was part of the conspiracy that one or more coconspirators did enter into one or more consulting agreements with third party companies wherein Dibon agreed to provide technology consulting services.

22.     It was part of the conspiracy that one or more coconspirators would and did hire one or more nonimmigrant workers on an as needed basis to perform technology consulting services for one or more third party companies.

F.      Overt Acts

23.     **Siva Sugavanam** and **Rohit Mehra**, along with other Dibon recruiters, at the direction of **Jiten "Jay" Nanda** and **Atul Nanda**, recruited individuals to work as H-1B employees during the length of the conspiracy. **Vivek Sharma**, as the office

Indictment – Page 7

manager, encouraged additional or less recruitment to achieve the desired "bench" rate at the direction of **Jiten "Jay"** and **Atul Nanda**. **Mohammad Khan** removed benched employees from payroll and health benefits and paid reduced salaries to benched employees at the direction of **Jiten "Jay"** and **Atul Nanda**.

24. On or about February 2008 through on or about October 2008, **Atul Nanda**, **Siva Sugavanam,** and **Vivek Sharma** benched M.V. while encouraging M.V. to remain in the United States to find work by securing a contract with a third-party company for the benefit of Dibon. **Mohammad Khan** did not pay M.V. the required salary while he was "benched," at **Atul Nanda's** direction.

25. On or about March 2008, **Siva Sugavanam**, at the direction of **Atul Nanda**, recruited N.M. for an H-1B position with Dibon. On or about March 31, 2008, **Atul Nanda** directed the filing of a Labor Condition Application (Form ETA 9035E). On or about April 1, 2008, **Atul Nanda** directed the filing of a Form I-129, H-1B petition on behalf of N.M. This petition listed the position as a full time job at a fixed salary. On or about January 2009, **Atul Nanda**, **Siva Sugavanam,** and **Vivek Sharma** benched N.M. while encouraging N.M. to remain in the United States to be placed in another contract position with a third-party company. **Mohammad Khan** did not pay N.M. the required salary while he was "benched," at **Atul Nanda's** direction.

26. On or about March 2008, **Siva Sugavanam**, at the direction of **Atul Nanda**, recruited S.R. for an H1-B position with Dibon. On or about March 31, 2008, **Atul Nanda** directed the filing of a Labor Condition Application (Form ETA 9035E). On or about April 1, 2008, **Atul Nanda** directed the filing of a Form I-129, H-1B petition

Indictment – Page 8

on behalf of S.R. This petition listed the position as a full time job at a fixed salary. On or about February 2009, **Atul Nanda, Siva Sugavanam,** and **Vivek Sharma** benched S.R. while encouraging S.R. to remain in the United States for the benefit of Dibon. **Mohammad Khan** did not pay S.R. the required salary while he was "benched," at **Atul Nanda's** direction.

27.     On or about May 2008 through on or about March 2009, **Atul Nanda, Siva Sugavanam,** and **Vivek Sharma** benched S.P. while encouraging S.P. to remain in the United States to find work by securing a contract with a third-party company for the benefit of Dibon. **Mohammad Khan** did not pay S.P. the required salary while he was "benched," at **Atul Nanda's** direction.

28.     On or about 2007, **Siva Sugavanam**, at the direction of **Atul Nanda,** recruited U.T. for an H-1B position with Dibon. On or about June 16, 2008, **Atul Nanda** directed the filing of a Labor Condition Application (Form ETA 9035E). On or about June 19, 2008, **Atul Nanda** directed the filing of a Form I-129, H-1B petition, for an extension of H-1B status, on behalf of U.T. This petition listed the position as a full time job at a fixed salary. On or about May 2008, **Atul Nanda, Siva Sugavanam,** and **Vivek Sharma** benched U.T. while encouraging U.T. to remain in the United States for the benefit of Dibon. **Mohammad Khan** did not pay U.T the required salary while he was "benched," at **Atul Nanda's** direction.

29.     On or about June 2008 through on or about December 2008, **Atul Nanda, Siva Sugavanam,** and **Vivek Sharma** benched K.B. while encouraging K.B. to remain in the United States to find work by securing a contract with a third-party company for

Indictment – Page 9

the benefit of Dibon. **Mohammad Khan** did not pay K.B. the required salary while he was "benched," at **Atul Nanda's** direction.

30.    On or about June 2008 through on or about January 2009, **Atul Nanda, Siva Sugavanam,** and **Vivek Sharma** benched V.V. while encouraging V.V. to remain in the United States to find work by securing a contract with a third-party company for the benefit of Dibon. **Mohammad Khan** did not pay V.V. the required salary while he was "benched," at **Atul Nanda's** direction.

31.    On or about July 16, 2010, **Jay Nanda** directed the filing of a Labor Condition Application (Form ETA 9035E). On or about August 16, 2010, **Jay Nanda** filed a Form I-129, H-1B petition on behalf of M.G. This petition listed the position as a full time job at a fixed salary. On or about September 2010, **Atul Nanda, Jay Nanda, Siva Sugavanam,** and **Vivek Sharma** benched M.G. while encouraging M.G. to remain in the United States for the benefit of Dibon. **Mohammad Khan** did not pay M.G. the required salary while he was "benched," at **Atul Nanda's** direction.

Count Two through Eleven
Wire Fraud
(Violation of 18 U.S.C. § 1343; 18 U.S.C. § 2)

32.    The Grand Jury incorporates by reference all allegations stated in Count One of this Indictment as if fully set forth here.

33.    For each count below, on or about the date indicated, in the Dallas Division of the Northern District of Texas and elsewhere, **Atul Nanda, Jiten "Jay" Nanda, Siva Sugavanam, Rohit Mehra,** and **Vivek Sharma**, defendants, for the purpose of executing

Indictment – Page 10

the foregoing scheme and artifice to defraud, and to obtain money, by means of false

pretenses, representations and promises, did knowingly and intentionally transmit and

cause to be transmitted in interstate commerce by wire communication, to wit: electronic

mail (email) from Carrollton, Texas, located in Dallas County, Texas, through the servers

of internet service providers located outside Texas, to the out-of-state entity indicated for

each count below, certain writings, signs, and signals for the purpose of executing said

scheme.

| Count | Out-of-State Entity | Transmitted Document | Date of Electronic Transmission |
|---|---|---|---|
| 2 | Department of Labor | Labor Condition Application (FORM ETA 9035E) for U.T. | June 16, 2008 |
| 3 | United States Citizenship and Immigration Services | Form I-129, H-1B application for U.T. | June 19, 2008 |
| 4 | Department of Labor | Labor Condition Application (FORM ETA 9035E) for N.M. | March 31, 2008 |
| 5 | United States Citizenship and Immigration Services | Form I-129, H-1B application for N.M. | April 1, 2008 |
| 6 | Department of Labor | Labor Condition Application (FORM ETA 9035E) for S.R. | March 31, 2008 |
| 7 | United States Citizenship and Immigration Services | Form I-129, H-1B visa for S.R. | April 1, 2008 |
| 8 | Department of Labor | Labor Condition Application (FORM ETA 9035E) for A.D. | March 31, 2008 |
| 9 | United States Citizenship and Immigration Services | Form I-129, H-1B visa for A.D. | April 3, 2008 |

Indictment – Page 11

| Count | Out-of-State Entity | Transmitted Document | Date of Electronic Transmission |
|-------|---------------------|----------------------|---------------------------------|
| 10 | Department of Labor | Labor Condition Application (FORM ETA 9035E) for M.G. | July 16, 2010 |
| 11 | United States Citizenship and Immigration Services | Form I-129, H-1B visa for M.G. | August 16, 2010 |

In violation of 18 U.S.C. § 1343; 18 U.S.C. § 2.

Forfeiture Notice
(Pursuant to 18 U.S.C. § 982(a)(6))

34.     The allegations contained in Count One of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to

Title 18, United States Code, Section 982(a)(6).

35.     Pursuant to Title 18, United States Code, Section 982(a)(6), upon

conviction of an offense in violation of Title 18, United States Code, Section 1324, and

conspiracy to commit such an offense, the defendants, **Atul Nanda**, **Jiten "Jay" Nanda**,

**Siva Sugavanam**, **Vivek Sharma**, **Rohit Mehra**, and **Mohammad Khan**, shall forfeit to

the United States of America any conveyance, including any vessel, vehicle, or aircraft,

used in the commission of the offense of which the defendants are convicted, any

property, real or personal, that constitutes or is derived from or is traceable to the

proceeds obtained directly or indirectly from the commission of the offense of which the

defendants are convicted, and any property, real or personal, used to facilitate or intended

to be used to facilitate the commission of the offense of which the defendants are

Indictment – Page 12

convicted. The property to be forfeited includes, but is not limited to, the following: real property located at 5119 Burkett Drive, Frisco, Texas 75034, real property located at 4549 Biltmore Drive Frisco, Texas 75034, real property located at 474 Peninsula Drive, Little Elm, Texas 75068, 2003 Hyundai Accent VIN number KMHCF35C23U262563, 2007 Land Rover Range Rover VIN number SALSH234X7A112099, 2007 Toyota Camry VIN number 4T1BE46K27U108225, 2001 Plymouth Prowler VIN number 1P3EW65G11V702071, Bank of Texas Account Number 8092127972, Bank of Texas Account Number 8091419055, Bank of Texas Account Number 8090957946, Bank of Texas Account Number 8092123561, Bank of Texas Account Number 8092873530, and Compass Bank Account Number 17305093.

36.     If any of the property described above, as a result of any act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Indictment – Page 13

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


CYNTHIA D. GOODMAN
Special Assistant United States Attorney
Texas Bar No. 24055567
1100 Commerce Street, Third Floor
Dallas, TX 75242
Telephone: 214.659.8600
Facsimile: 214.659.8800
Email: cynthia.goodman@usdoj.gov

PAUL YANOWITCH
Assistant United States Attorney
Illinois Bar No. 6188269
1100 Commerce Street, Third Floor
Dallas, TX 75242
Telephone: 214.659.8600
Facsimile: 214.659.8800
Email: paul.yanowitch@usdoj.gov

Indictment – Page 14

# CRIMINAL COURT MINUTES

Page: 1

# U.S. Magistrate Judge William Matthewman

**Courtroom Number # 2**          **Date: February 27, 2013**    **Time: 9:30 am**

Defendant: VIVEK SHARMA (J)      J#:              Case #: 13-8110-WM

AUSA: MARC OSBORNE                      Attorney:

Violation: 18: 371, 1343, 2; 8:1324(a)(1)(A)(iv), 1324(a)(1)(B)(i)   Agent:

Proceeding: Initial Hearing – Removal to NDTX (Dallas)    CJA Appt:

Bond/PTD Held: ○ Yes  ● No          Recommended Bond: GOVT REQ.

Bond Set at: **$100,000 CSB**        Co-signed by:

FILED by ___ D.C.

FEB 27 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

☐ All standard conditions **AND CONDITIONS TO BE SET $150,000 PSB**
☐ Surrender and/or do not obtain passport/travel docs
☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person
☐ Random urine testing by Pretrial Services and/or treatment as deemed necessary
☐ Refrain from excessive use of alcohol
☐ Participate in mental health assessment & treatment
☐ Maintain or seek full-time employment/education
☐ No contact with victims/witnesses
☐ No firearms
☐ Not to encumber property
☐ May not visit transportation establishments
☐ Home Confinement/Electronic Monitoring and/or Curfew _____ p.m. to _____ a.m., paid by _____
☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
☐ Travel extended to: _____
☐ Other: _____

Language: ENGLISH

Disposition:
DEFENDANT SWORN, ADVISED OF RIGHTS, POSSIBLE MAXIMUM PENALTIES AND RIGHTS DEFENDANT INFORMS THE COURT THAT HE WILL HIRE COUNSEL GOVERNMENT RECOMMENDS A $100,000 CSB AND $150,000 PSB COSIGNED BY A RELATIVE HEARINGS SET

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|
| (Report RE Counsel:) | 3/1/2013 | 2:00PM | DUTY MJ | WPB |
| (PTD/Bond Hearing:) | | | | |
| Prelim/Arraign or (Removal:) | | | | |
| Status Conference RE: | | | | |

D.A.R. 10:18:18          Time in Court: 10:18-10:27AM (9 MINS)

Courtroom Deputy: Kenneth J. Zuniga



FILED by _____ D.C.

FEB 27 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## REPORT COMMENCING CRIMINAL ACTION

UNITED STATES OF AMERICA                         CASE # 3:13-cr-065-M-(04)

                                                 13-8110-WM

VS

# Vivek SHARMA

                                   PRISONER # 02785104

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO:   CLERK'S OFFICE, UNITED STATES DISTRICT COURT:       (CIRCLE ONE)

MIAMI       FT. LAUDERDALE       WEST PALM BEACH       FT. PIERCE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*ALL ITEMS ARE TO BE COMPLETED - INFORMATION NOT APPLICABLE OR UNKNOWN TO BE INDICATED BY "N/A": 27*

1) DATE AND TIME OF ARREST: 02/28/2013

2) LANGUAGE(S) SPOKEN: English

3) OFFENSE (S) CHARGED: 18USC371;1324;1343 Conspiracy to commit visa fraud, wire fraud

4) U.S. CITIZEN      ☐ YES      ☑ NO      ☐ UNKNOWN

5) DATE OF BIRTH: 1967

6) TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
   ☑ INDICTMENT
   ☐ COMPLAINT TO BE FILED/ALREADY FILED
   ☐ BENCH WARRANT FOR FAILURE TO APPEAR
   ☐ PROBATION VIOLATION WARRANT
   ☐ PAROLE VIOLATION WARRANT

   ORIGINATING DISTRICT: Southern District of Florida

   COPY OF WARRANT LEFT WITH BOOKING OFFICER ☑ YES   ☐ NO

7) AMOUNT OF BOND: _____   WHO SET BOND: _____

8) ARRESTING/PROCESSING AGENT: SA Jon DaSilva        DATE: 02/28/2013

9) AGENCY: ICE  HSI        PHONE: (214)830-8304

20

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. **13- 8110 –WM**

UNITED STATES OF AMERICA

              Plaintiff,

v.

**VIVEK SHARMA ,**

              Defendant.

_____/

FILED by **VL** D.C.

**FEB 2 7 2013**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ON INITIAL APPEARANCE

AUSA **MARC OSBORNE**      Language **ENGLISH**

Agent _____      DAR: **10:18:18**

      The above-named defendant having been arrested on **02/27/2013** ,having appeared before the court for initial appearance **on 02/27/2013** and proceedings having been held in accordance with **Fed.R.Cr.P.  r. 5 or 40(a)**, it is thereupon

      **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.

      Address:_____

      Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.

      Address: _____

      Zip Code: _____ Telephone: _____ **2PM**

3. The defendant shall attempt to retain counsel and shall appear before the court at ~~10:00~~ **2PM** a.m. on _____ **3/1** 2013.

4. ~~**Preliminary/Arraignment/**~~**Removal/Identity** hearing is set for ~~10am~~ **2PM 3/1** , 2013.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because **BOND COURT ORDERED**

      A ~~detention~~ **Bond** hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am **3/1** , 2013.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

      _____

      _____

      This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.

___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____

___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
On Warrant _____
After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forththerein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>West Palm Beach, FL</u> this 27 day of FEBRUARY , 2013.

William Matthewman
**WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
Defense Counsel
Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _13 - 8110 - WM_

FILED by _VZ_ D.C.

MAR 0 1 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA,

v.

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

VIVEK SHAMRIA

COMES NOW _James Eisenberg_ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing**

**documents** necessary to collateralize any personal surety bond

which may be set.

Counsel's Signature _____

Date: _3/1/13_

Counsel's Name (**Printed**) _James L. Eisenber_

Florida Bar Number (**Required**) _216615_

Address _250 Australian Ave, Suite 704_

_West Palm Beach, FL_    Zip Code: _33401_

Telephone _(561) 659-2009_

# CRIMINAL COURT MINUTES

Page: 1

# U.S. Magistrate Judge William Mathewman

| Courtroom Number # 2 | Date: March 1, 2013 | Time: 2:00 pm |

Defendant: VIVEK SHARMA (J)   J#: _____   Case #: 13-8110-WM

AUSA: MARC OSBORNE _____   Attorney: JAMES EISENBERG (TEMP)

Violation: 18: 371, 1343, 2; 8:1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) Agent: _____

Proceeding: STATUS REPORT RE: COUNSEL, BOND AND REMOVAL HEARING   CJA Appt: _____

FILED by ___ D.C.

MAR 01 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. - W.P.B.

Bond/PTD Held: ☑ Yes ☐ No   Recommended Bond: GOVT REQ.

$250,000 PSB

Bond Set at: ~~$100,000 CSB~~ and ~~$150,000 PSB~~ Co-signed by: _____

☑ All standard conditions

Language: ENGLISH

☑ Surrender and/or do not obtain passport/travel docs

☑ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services and/or treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☑ Maintain or seek full-time employment/education

☑ No contact with victims/witnesses OR CODEFTS

☑ No firearms DEFENDANT TO APPEAR IN NDTX-DALLAS

☐ Not to encumber property WHEN DIRECTED

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ p.m. to _____ a.m., paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☑ Travel ~~extended to:~~ RESTRICTED SDFL + NDTX TRAVEL FOR BUSINESS ALLOWED

☑ Other: DEFT TO PROVIDE ITINERARY TO PTS 48 HOURS IN ADVANCE

Disposition:
DEFENDANT PRESENT
WITH COUNSEL
DEFENDANT SWORN
JAMES EISENBERG FILES A
NOTICE OF TEMPORARY
APPEARANCE
BOND HEARING HELD
BOND SET AT $250,000 PSB
COSIGNED BY DEFT'S
BROTHER-IN-LAW NAVEEN
SURI
NAVEEN SURI SWORN/
TESTIFIES
WAIVER OF REMOVAL
EXECUTED
ORDER OF REMOVAL
SIGNED

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 14:40:38   Time in Court: 2:40-3:02 PM

Courtroom Deputy: Kenneth J. Zuniga

SRC - 2 MINS
BOND - 15 MINS
STATUS RE 3 MINS
REMOVAL

24

(Rev. 7/09)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:_____

CASE NO.:_____13-8110-WM_____

UNITED STATES OF AMERICA
         Plaintiff,

      JAIL #_____

v.

VIVEK SHARMA,
         Defendant,

_____/

FILED by _____ D.C.

MAR 0 1 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $____250,000 PSB____.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred.  The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred.  The Southern District of Florida  consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3.  May not change his or her present address as recorded on this bond without prior permission in writing from the court.

    4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court.  The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5.  The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    6.  Shall not commit any act in violation of state or federal laws.

DEFENDANT: VIVEK SHARAN
CASE NUMBER: 13-8110-WM
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

**X** a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case; BY MONDAY, 3/4/13 AT NOON

**X** b. Report to Pretrial Services as follows: ( **X** *as directed* or _____ *time(s) a week in person and* _____ *time(s) a week by telephone*;

___ c. Submit to substance abuse testing and/or treatment;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

**X** g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program; OR CODEFENDANTS

**X** i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

**X** j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) or **paid for by Pretrial Services ( ).**

_____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____ **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and** ( ) **other** _____.

___ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program. You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____.

___ p. May travel ~~to and from~~: RESTRICTED SDFL + NDTX, and must notify Pretrial Services of travel plans before leaving and upon return. TRAVEL FOR BUSINESS ALLOWED — ITINERARY TO BE PROVIDED TO PTS

___ q. Comply with the following additional conditions of bond: BOND TO BE COSIGNED BY NAVEEN SURI / 48 HOURS IN DEFENDANT TO APPEAR IN NDTX - DALLAS / ADVANCE WHEN DIRECTED.

26

DEFENDANT: __VIVEK SHARMA__

CASE NUMBER: __13-8110-WM__

PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)     any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: _Vivek Sharma_

CASE NO.: _13-8110 WM_

PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _1st_ day of _MARCH_ , 2013 at West Palm Beach, Florida

Signed and acknowledged before me: DEFENDANT: (Signature) X _Vivek Sharma_

WITNESS: _____

_____ _____ _WELLINGTON_ _FL_
City            State              City              State

### CORPORATE SURETY

Signed this _____ day of _____, 2013 at _____, Florida

SURETY: _____ AGENT: (Signature) _____

_____ _____ PRINT NAME: _____
City            State

### INDIVIDUAL SURETIES

Signed this _1st_ day of _MARCH_, 2013 at _WPB_, Florida    Signed this___ day of _____, 2013 at_____,Florida

SURETY: (Signature) _Naveen Suri_    SURETY: (Signature) _____

PRINT NAME: _NAVEEN SURI_    PRINT NAME: X _Naveen Suri_

RELATIONSHIP TO DEFENDANT _BROTHER IN LAW_    RELATIONSHIP TO DEFENDANT _Brother in Law_

_PRINCETON_ _NJ_    _____ _____
City            State                          City              State

Signed this ___day of _____, 2013 at _____, Florida    Signed this___ day of _____, 2013 at_____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT_____    RELATIONSHIP TO DEFENDANT_____

_____ _____    _____ _____
City            State                          City              State

### APPROVAL BY COURT

Date: _MARCH 1, 2013_    _William Matthewman_

**WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

SOUTHERN DISTRICT OF FLORIDA

United States of America  )
v.  )
  )  Case No.  13-8110-WM
VIVEK SHARMA  )
_____  )  Charging District's Case No. _____
_Defendant_  )

FILED by ___ D.C.

MAR 01 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the (name of other court) _NDTX (DALLAS)_

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
        unless I am indicted — to determine whether there is probable cause to believe that an offense has
        been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒      an identity hearing and production of the warrant.

☒      a preliminary hearing.

☐      a detention hearing.

☐      an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may
       be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set
       by that court.

        I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:  _MARCH 1, 2013_                    _Vivek Sharma_
                                          _____
                                          Defendant's signature

                                          _____
                                          Signature of defendant's attorney

                                          _JAmes L. EISENBERG_
                                          _____
                                          Printed name of defendant's attorney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _13 - 8110 - WM_

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

## VIVEK SHARMA
        Defendant.



FILED by ___ D.C.

MAR 0 1 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER OF REMOVAL

A(n) _____ Complaint

    __✗__ Indictment

    _____ Information

    _____ Probation Violation Warrant

    _____ Bench Warrant

(DALLAS)

having been filed in the _NORTHERN_ District of _TEXAS_
____ charging the above named defendant with _18:371, 1343_
and the defendant having

    _____ surrendered

    __✗__ been arrested

in the Southern District of Florida, having had an initial
appearance before the Court and having:

    __✗__ waived further hearing

    _____ been given a hearing in accordance
    with **Fed.R.Crim.P. 40**

and having posted the bail as set by the Court, it is thereupon
    **ORDERED AND ADJUDGED** as follows:

    1. The defendant is held to answer in the District in which
the charge is outstanding and shall appear before the District

Court thereof at such time and place as may be ordered; and

    2. **All funds** and **documents** filed with the Clerk of court in this case shall be **transferred** to the District where the charge is outstanding.

    **DONE AND ORDERED** at West Palm Beach, Florida this \_\_\_1st\_\_\_ day of \_\_\_MARCH\_\_\_, 2013.

William Matthewman
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

c: U.S. Marshal
    Pretrial Services
    US Probation
    US Attorney
    Defense Csl.
    Financial Section